# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

LENOX CORPORATION,

             Plaintiff

        vs.

THOMAS BLACKSHEAR,

ROGER W. RAWLS,

BLACKSHEAR ENTERPRISES OF
COLORADO SPRINGS, and

KEEPSAKES AND COLLECTABLES OF
MARIETTA, GEORGIA.

             Defendants

Civil Action No. _____

**VERIFIED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES**

**JURY TRIAL DEMANDED**

Plaintiff, Lenox Corporation ("Lenox" and/or "Plaintiff"), by its undersigned counsel, for

its action for injunctive and  ancillary relief, alleges by way of Complaint against Defendants,

Thomas Blackshear, Roger W. Rawls, Blackshear Enterprises of Colorado Springs, and

Keepsakes and Collectibles of Marietta, Georgia (collectively "Defendants") as follows:

## SUMMARY OF THE ACTION

1.     Lenox owns all rights and interest in the federally registered trademark THOMAS

     BLACKSHEAR'S EBONY VISIONS®, and manufactures sculptures, figurines and

     giftware under that trademark for sale through giftware retailers and directly to

     consumers through Lenox direct sales channels.

2.      Lenox is the owner of common law rights in and to the trademark EBONY VISIONS based on its use throughout the United States of that trademark in connection with a line of sculptures, figurines and giftware.

3.      Defendants falsely are advising customers that Defendants have the rights in the trademark; that Defendants have the right to approve or disapprove designs under the trademark; that trademarked products sold by Lenox may be forgeries; that the trademarked product line has been discontinued; that customers with concerns regarding the authenticity of trademarked products should contact Defendants -- all of which are intended to create confusion in the market and direct customer traffic away from Lenox and to Defendants' online retail store.

4.      Defendants' ongoing conduct is causing confusion in the market with regard to the source, sponsorship and affiliation of products designed, manufactured, and sold under Lenox's THOMAS BLACKSHEAR'S EBONY VISIONS® trademark.

5.      Defendants are engaged in reverse passing-off of THOMAS BLACKSHEAR'S EBONY VISIONS® products, in violation of 15 U.S.C. § 1125(a).

6.      Customers have contacted Lenox's employees and other giftware retailers expressing concern and confusion based on the statements being made by Defendants.

7.      Lenox and other retailers have had a steep fall-off in sales and/or had cancellations of existing orders for THOMAS BLACKSHEAR'S EBONY VISIONS® trademarked products based on Defendants' statements and activities.

8.      Lenox is suffering actual and incalculable ongoing harm to its business, reputation, goodwill, customer relationships, and its trademark as a result of Defendants' conduct.

9.      If Defendants' conduct is not enjoined, Lenox will continue to suffer irreparable harm.

## THE PARTIES

10.     Plaintiff Lenox Corporation is a corporation organized and existing under the laws of the State of Delaware, maintaining its principal place of business at 1414 Radcliffe Street, Bristol, Pennsylvania 19007.

11.     Defendant Thomas Blackshear, is upon information and belief, a resident of the State of Colorado with a mailing address at 4380 Pebble Ridge Circle, Apt. 194, Colorado Springs, CO  80906.

12.     Defendant Roger W. Rawls, is upon information and belief, a citizen and resident of the State of Georgia, with a mailing address at 243 Clubhouse Crossing, Acworth, GA 30101.

13.     Defendant Blackshear Enterprises of Colorado Springs, is upon information and belief, a business entity controlled in part by the Defendant, Thomas Blackshear, maintaining its principal place of business at 4380 Pebble Ridge Circle, Apt. 194, Colorado Springs, CO 80906.

14.     Defendant Keepsakes and Collectibles of Marietta, Georgia, is upon information and belief, a business enterprise controlled in part by Defendant Roger W. Rawls, maintaining its principal place of business at 243 Clubhouse Crossing, Acworth, GA 30101.

15.     On information and belief, the domain name "BlackshearOnline.com" is a joint venture owned and operated by one or more of the Defendants.

16.     On his Facebook page, Defendant Roger W. Rawls, identifies himself as the "Owner" of the website posted at www.BlackshearOnline.com ("the Blackshear Online site").  The Blackshear Online site identifies itself as "The Official Website of Thomas Blackshear." **Attached hereto as Exhibit A are printouts from that website.**

3

17.   The Blackshear Online site is an on-line retail store that sells artwork and collectables created or inspired by Thomas Blackshear, including sculptures, figurines and giftware manufactured and sold by Lenox under the THOMAS BLACKSHEAR'S EBONY VISIONS® trademark.

18.   According to the Blackshear Online site, the retail store is a "joint venture, owned and operated by Blackshear Enterprises of Colorado Springs, Colorado and Keepsakes and Collectibles of Marietta, Georgia."

## JURISDICTION AND VENUE

19.   This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) in that the matter arises, at least in part, under the Trademark Act of 1946, 15 U.S.C. §§ 1041, *et seq*, and involves interstate commerce.

20.   This Court has jurisdiction over the related state and common law claims pursuant to 28 U.S.C. §§ 1367 and 1338(b).

21.   Venue is appropriate in Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and/or were directed, and this is the district in which the injury caused by Defendants' conduct is felt and can best be redressed.

## FACTUAL BACKGROUND

22.   Defendant Thomas Blackshear ("Blackshear") is an artist whose two-dimensional work, in particular in representing African American themes and characters, is recognized and celebrated throughout the United States.

23.   Blackshear's artwork has been the inspiration for three-dimensional sculptures, figurines and giftware.

4

24.    Specifically, sculptors contracted by Lenox (and its predecessor in interest) have made authorized use of Blackshear's artwork as the basis for the design of, among other things, a series of collectable three-dimensional sculptures, figurines and giftware that celebrate and commemorate aspects of African American culture.

25.    For the past 19 years, the foregoing collectables have been sold in interstate commerce by Lenox and its predecessors in interest under the federally registered THOMAS BLACKSHEAR'S EBONY VISIONS® trademark, which trademark is exclusively owned by Lenox.

*Lenox Owns the Subject Trademark and Line of Products*

26.    On June 21, 1994, Blackshear entered into a Design Services and Compensation Agreement with Willitts Designs International, Inc. ("Willitts"), which agreement was amended and restated by the parties as of April 27, 2004 (the "Design Services Agreement").

27.    The Design Services Agreement expressly provides, among other things, that:

(a)    Willitts is the owner of all rights in the Property and in the trademark THOMAS BLACKSHEAR'S EBONY VISIONS, THE BLACKSHEAR CIRCLE, THE BLACKSHEAR JAMBOREE PARADE (the "Trademarks");

(b)    Thomas Blackshear "shall not dispute or contest, directly or indirectly [Willitt's] exclusive right and title to the Property and/or the Trademarks or the validity thereof[;]"

(c)    Thomas Blackshear was required to provide concepts for and facilitate the design of "figurines and all materials, decorative accessories, jewelry, dolls, collectors' plates, ornaments, and flat art" (the "Products");

(d)    Willits was given "the exclusive right to manufacture, use, reproduce, display, photograph, sell, promotion (sic), market, advertise and distribute all the Products" throughout the world;  and

(e)    Willitts was required to pay Thomas Blackshear a royalty based on its sales of the Products.

28.    On June 9, 1999, Blackshear signed a document entitled Consent to Use and Registration of Name (the "Consent Agreement"), expressly consenting "to the use and registration by Willitts Design International, Inc. of [his] name as a trademark [in connection with figurines and a host of other goods]."

29.    The following month, Willitts filed two trademark applications for the mark THOMAS BLACKSHEAR'S EBONY VISIONS with the United States Patent and Trademark Office ("USPTO").  The first, U.S. Application Ser. No.  75/756,912, was filed on July 20, 1999 for "collector plates, figurines and sculptures made of earthenware, porcelain, glass and terra cotta.   The second, U.S. Application Serial No. 75/756,916, was filed on July 21, 1999, for "figurines and sculptures made of resin plastic."  Willitts submitted a copy of the Consent Agreement to the USPTO in support of each of those applications.

30.    The applications for THOMAS BLACKSHEAR'S EBONY VISIONS passed to registration on April 30, 2002 and April 10, 2001, respectively.   They were assigned U.S. Registration Nos. 2,567,712 and 2,443,448 (the "Registrations").  The Registrations remain valid and have been owned by Lenox since March 4, 2009.

31.    On or about May 1, 2006, all assets of Willitts, including the referenced trademarks, were acquired by D56, Inc.

32.    On or about June 1, 2006, Willitts and D56, Inc. entered an Assignment of Contract and
       Consent, under which Willitts delegated to D56, Inc. all of its duties and obligations
       under the Design Services Agreement, as amended.

33.    On or about March 4, 2009, pursuant to an Order of the Bankruptcy Court in the Southern
       District of New York, the assets of D56, Inc. were acquired by Lenox

34.    On June 30, 2013, despite several attempts to extend it, the Design Services Agreement
       terminated.

35.    Lenox continues to manufacture and sell existing lines of products under its THOMAS
       BLACKSHEAR'S EBONY VISIONS® trademark, and continues to design new
       products and modify existing product designs under the line.

***Defendants' March Statement Creates Customer Confusion Regarding Lenox's Trademark***

36.    In or about March of 2014, Defendants published a statement (the "March Statement") to
       the relevant market (namely, retailers, collectors and other target consumers of THOMAS
       BLACKSHEAR'S EBONY VISIONS® Products), containing false and misleading
       statements regarding Lenox's THOMAS BLACKSHEAR'S EBONY VISIONS®
       product line.

37.    Among the misleading claims Defendants made in the March Statement is that "with the
       release of 'Leap Frog' the 19-year run of Ebony Visions by Thomas Blackshear comes to
       an end."

38.    Upon information and belief, Defendants intended to mislead Lenox customers into
       believing that the THOMAS BLACKSHEAR'S EBONY VISIONS® line was being
       terminated.

39.    On information and belief, Defendants willfully made false claims in the March
       Statement, knowing them to be inaccurate and untrue.

40.    In issuing the March Statement, Defendants sought to cause confusion among consumers as to the source, sponsorship or affiliation of Lenox's THOMAS BLACKSHEAR'S EBONY VISIONS® product line.

41.    In issuing the March Statement, Defendants intentionally sought to mislead and cause confusion among consumers as to Lenox's continuation of its THOMAS BLACKSHEAR'S EBONY VISIONS® product line.

42.    The misstatements of truth and misrepresentations of the source and provenance of the THOMAS BLACKSHEAR'S EBONY VISIONS® line in the March Statement are likely to cause, and have in fact caused, confusion in the marketplace as to the source, sponsorship and affiliation of the THOMAS BLACKSHEAR'S EBONY VISIONS® product line, and the continuation of that line.

43.    The suggestion that the THOMAS BLACKSHEAR'S EBONY VISIONS® line was being terminated was -- on information and belief -- an attempt by Defendants to misappropriate and misrepresent the ownership of the THOMAS BLACKSHEAR'S EBONY VISIONS® trademark and line of products, and to interfere with Lenox's existing and/or prospective relationships with customers.

44.    This unlawful tortious interference was done with the intent of harming, severing, and preventing such relationships; and/or luring customers away from Lenox to Defendants' on-line retail store.

45.    As further proof that the Defendants intended to harm Lenox's customer relationships and re-direct customers away from Lenox to Defendants, the March Statement further stated: "Although Thomas' Ebony Visions work has ended, he has not retired and new works will be announced and released during the next several years.  We will notify you

of upcoming releases as they become available.  Meanwhile, if you need figurines to complete your Ebony Visions collection, please email Roger@BlackShearonline.com for availability."

46.     On information and belief, Blackshear communicated directly with collectors, consumers and/or retailers informing them that he was no longer working with Lenox and that he would no longer provide artwork to Lenox for use by its sculptors in designing sculptures, figurines and giftware under the THOMAS BLACKSHEAR'S EBONY VISIONS® trademark.

***BlackshearOnline.com Creates Customer Confusion Regarding Lenox's Trademark***

47.     Defendants' BlackshearOnline.com website, on its home page, displays and/or has displayed photograph of Blackshear with the statement: "The exclusive artistry of Thomas Blackshear.  Thomas Blackshear's beautifully detailed sculptures celebrate the pride, beliefs and beauty of African American heritage."

48.     The Blackshear Online site displays and/or has displayed photographs of artwork and three-dimensional figurines which are part of the line of products designed, manufactured and sold exclusively under Lenox's registered THOMAS BLACKSHEAR'S EBONY VISIONS® line: such as "U.S. President Barack Obama," "Watchers in the Night," "African King," "Bling, Bling," "Evening Rose," "Jack and Zack," "The Threads that Bind Quilt," "The Commitment," "Dark Knight," and "Tiny Tina."  **See Exhibit A.**

49.     Each of the images referenced in the previous paragraph comprises an illustration of a product and design owned by Lenox, each of which is manufactured and sold under the federally registered THOMAS BLACKSHEAR'S EBONY VISIONS® trademark.

50.   Notwithstanding the foregoing, Defendants identify and/or have identified each figurine by name, but without reference to the THOMAS BLACKSHEAR'S EBONY VISIONS® trademark.  Instead, the Blackshear Online site has misidentified and misdesignated the products' source as "by Thomas Blackshear."

51.   By identifying sculptures, figurines and giftware which are owned by Lenox as being "by Thomas Blackshear," Defendants' actions are likely to have caused confusion, and have in fact caused confusion, as to the source and provenance of the products.

52.   In so doing, Defendants have purposefully lessened the consuming public's ability to identify the products in conjunction with and in connection to the THOMAS BLACKSHEAR'S EBONY VISIONS® trademark.  This purposeful misconduct is a clear attempt to blur and/or tarnish the trademark, resulting in direct damage to Lenox.

***Defendants' July Statement Creates Customer Confusion Regarding Lenox's Trademark***

53.   On or about July 31, 2014, Defendants issued a statement and/or sent emails from the Blackshear Online site's e-mail account to customers misrepresenting facts in connection with the THOMAS BLACKSHEAR'S EBONY VISIONS® product line ("the July Statement").

54.   The July Statement constitutes trade libel, false advertising, unfair competition, and a deceptive practice causing direct injury to Lenox's trademark and to its business reputation in violation of federal and state law.

55.   Defendants used the July Statement to falsely create the misimpression that Lenox's operation, management, use and enjoyment of its federally protected trademark and designs was somehow improper or deceptive.

56.   Stating that they have learned that Lenox intends to issue new products and designs under the THOMAS BLACKSHEAR'S EBONY VISIONS® line, Defendants advise Lenox

customers "that Thomas did not participate in or approve these redesigns and will not

participate in or approve future Lenox redesigns of his past Ebony Visions releases.

Further, all Lenox items bearing the Ebony Visions name released subsequent to 'Leap

Frog' will not be signed by Thomas at future signing events.  Some dealer advertisements

and web listing indicate 'Rejoice' will [be] signed by Thomas when released…not true."

57.    The July Statement was intended to have, and in fact has had, the effect of creating

confusion in the marketplace with regard to THOMAS BLACKSHEAR'S EBONY

VISIONS® trademark, the ownership of designs released under the trademark, and the

authenticity of products and the provenance of designs issued by Lenox under the

THOMAS BLACKSHEAR'S EBONY VISIONS® line.

58.    In their July Statement, Defendants went on to say: "The following figurines, Artist Proof

and Gallery Proof editions, were shipped to dealers without Thomas [sic] signature: MC

Little Bit, Preparing to Sound the Alarm, President Obama: Dream Became a Reality,

The Bump, Angel of Grace GP Special Edition, Universal Lord: I Hold the Key, Swan

Lake, and Leap Frog.  If you purchased signed AP/GP edition of the above figurines, the

signature may not be genuine.  Please email roger@blackshearonline.com if you have

concerns about your purchase."

59.    In issuing the foregoing statement, Defendants purposefully and intentionally, with

malice and self-interest, were attempting to dilute the THOMAS BLACKSHEAR'S

EBONY VISIONS® trademark, create confusion in the marketplace, blur and tarnish

Lenox's registered trademark, and defame Lenox with the suggestion that Lenox did not

have the legal right or authority to design, redesign, manufacture, promote and sell

products under its registered THOMAS BLACKSHEAR'S EBONY VISIONS®
trademark.

60.   The July Statement attempts to mislead consumers into believing that Lenox is selling
products under its registered trademark which are not genuine.

61.   Further, Defendants portray themselves as protecting customers from what they intimate
are counterfeit products, inviting concerned purchasers to contact Defendants --
presumably to have their rights vindicated.

62.   In other words, Defendants purport to 'police' the authenticity and genuineness of
Lenox's trademark products by inviting customers who may have concerns about their
purchases to contact Defendants with those concerns.

63.   When read in conjunction with the March Statement, the July Statement illustrates the
Defendants' intent to unfairly compete with Lenox in the relevant marketplace.

64.   In attempting to undermine the authenticity and genuineness of THOMAS
BLACKSHEAR'S EBONY VISIONS® products designed, manufactured and sold by
Lenox, Defendants are explicitly seeking to direct customers to Defendants' on-line store
for the purchase of 'authentic' products.

65.   The Blackshear Online site allows visitors and viewers to select products from a wide
array of Lenox products for purchase directly from Defendants, as opposed to purchasing
such products directly from Lenox or its legitimate authorized retailers.

66.   By obliterating the original trademark without Lenox's permission; by undermining the
authenticity of the same items when sold by Lenox or its legitimate authorized retailers;
and by inviting concerned customers to contact rogerrawls@blackshearonline.com,
Defendants are essentially representing Lenox's trademarked goods as their own.  Such

actions are likely to cause confusion as to the source, sponsorship and affiliation of Lenox's goods.

67. Having confused relevant customers and the market, Defendants seek to create the impression that they have a monopoly on 'authentic' signed or unsigned THOMAS BLACKSHEAR'S EBONY VISIONS® products.

68. By inviting customers to purchase 'authentic' items from the BlackshearOnline.com catalog, Defendants are engaged in reverse passing-off in violation of law.

69. Defendants have been enriched by their misconduct.

70. Lenox has been directly damaged and continues to be damaged by Defendants' misconduct.

71. Unless Defendants' unlawful conduct, misrepresentations, confusion, dilution, trade libel, tortious interference, and reverse passing-off are enjoined, Lenox will be irreparably harmed in its reputation, its ownership and enjoyment of its registered trademark, and its credibility in the relevant market among its customers, retailers and competitors.

72. By misappropriating and using Lenox's trademarked products and designs as their own, Defendants are likely to continue to confuse customers, retailers, and other purchasers of THOMAS BLACKSHEAR'S EBONY VISIONS® products into believing that there is some ongoing business relationship or other connection between the Defendants and Lenox's trademarked products and designs.

73. Actual confusion already has occurred.  Lenox has recently learned that customers believe Defendants' statements, and have become confused regarding the ownership and provenance of designs and products released under the THOMAS BLACKSHEAR'S EBONY VISIONS® trademark.

74.     Lenox's direct sales and sales by authorized retailers of THOMAS BLACKSHEAR'S

        EBONY VISIONS® trademarked sculptures, figurines, and giftware have been

        negatively impacted by Defendants' statements and conduct, resulting in a loss of

        goodwill, credibility and damage to business relationships enjoyed by Lenox.

75.     By misappropriating and using Lenox's trademarked products and designs as their own,

        Defendants' actions are likely to confuse, and have confused consumers of THOMAS

        BLACKSHEAR'S EBONY VISIONS® products into believing that any new products

        and designs that Blackshear might create and sell as part of Defendants' joint venture are

        related to, or come from the same source as, Lenox's trademarked products and designs.

76.     Defendants' conduct outlined above, including *inter alia*, the March and July statements,

        caused a steep fall-off in sales and/or cancellations of existing orders for THOMAS

        BLACKSHEAR'S EBONY VISIONS® trademarked products.

### *Lenox Corp. v. Blackshear I & Blackshear's Bad Faith During Settlement Period*

77.     As a result of Defendants' conduct outlined above, Plaintiff commenced an action against

        Defendants in the Eastern District of Pennsylvania on September 2, 2014 by filing a

        Verified Complaint with the Court.  *Lenox Corp. v. Thomas Blackshear, et. al.*, Civil

        Action No. 2:14-cv-05055 (AB).

78.     The parties subsequently entered into a settlement negotiation period (ECF No. 3).  In

        doing so, a Stipulation Extending Time for Defendants to Respond to the Complaint (the

        "Stipulation") was filed and approved by the Court.  As part of the negotiation period,

        Defendants agreed to "not engage in any product development activities of any kind

        (including but not limited to concept, design and/or modeling work, sourcing

communications and/or marketing activities (that pertain to the product categories in which Lenox has rights under its various registered Blackshear trademarks (including but not limited to sculptures, figurines and ornaments)."  (ECF No. 3 at 3).

79.    Following a settlement meeting between the parties on December 4, 2014, the parties agreed to continue to work together in an effort to resolve the dispute without the need for judicial assistance and to negotiate a new agreement that would create an opportunity for all parties to rejuvenate THOMAS BLACKSHEAR'S EBONY VISIONS® trademarked products.   As a result of the settlement discussions on December 4 and at the request of Defendants, Plaintiff agreed to voluntarily dismiss the action without prejudice (ECF No. 5) and pay Thomas Blackshear royalties for products sold ("earned royalties") while good faith negotiations continued between the parties.

80.    Plaintiff has continued to pay Thomas Blackshear earned royalties during the protracted negotiation period between the parties despite Thomas Blackshear's improper and inappropriate conduct causing a steep decline in Plaintiff's sales of THOMAS BLACKSHEAR'S EBONY VISIONS® trademarked products.

81.    Despite being compensated by Plaintiff with earned royalties and participating in ongoing negotiations with Plaintiff, Thomas Blackshear developed the following two angels for sale through the website https://www.black-gifts.com: (1) "The Sound of Victory"; and (2) "Ready for Battle" during the settlement negotiation period.  **Attached hereto as Exhibit B are printouts of the angels from that website.**

82.    "The Sound of "Victory" and "Ready for Battle" warring angels are derived from products developed by Thomas Blackshear for Plaintiff, including the "Sentinel Angel." Thomas Blackshear developed "The Sound of Victory" and "Ready for Battle" warring

angels despite the fact that Lenox owns the intellectual property rights in the "Sentinel Angel."

83. "The Sound of Victory" and "Ready for Battle" are currently available for sale at https://www.black-gifts.com and https://www.blackshearonline.com.  These two angels infringe upon the "Sentinel Angel" developed by Thomas Blackshear for Lenox.

84. Defendants marketing of "The Sound of Victory" and "Ready for Battle" on www.blackshearonline.com is misleading and will likely confuse customers, retailers, and other purchasers of these angels.  In particular, the website contains the following text under purchase icons for the two angels, "Unless otherwise noted, all figurines depicted on this site were produced by the Lenox Corporation or its predecessors." However, Lenox Corporation did not produce either of these angels.

85. The confusion created by Defendants' misappropriation and use of Lenox's trademarked products and designs causes direct injury to Lenox by causing it to lose control of its reputation, in addition to the loss of trade and loss of goodwill.

## COUNT I

### FEDERAL UNFAIR COMPETITION

86. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 85 as if fully set forth herein.

87. The aforesaid acts by Defendants constitute federal unfair competition in the form of reverse passing-off, false representation, false advertising and false designation of origin, all in direct violation of 15 U.S.C. § 1125(a).

88. Defendants' aforementioned acts have benefited them.

89. By their actions, Defendants have irreparably injured Plaintiff.  Such irreparable injury will continue unless Defendants are (a) restrained from further comment with regard to

THOMAS BLACKSHEAR'S EBONY VISIONS® trademarked sculptures, figurines, and giftware, and (b) preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

90.    As a result of Defendants' willful and malicious conduct, Plaintiff is entitled to recover the attorneys' fees and expenses it has incurred in bringing this action pursuant to 15 U.S.C. § 1117(a).

## COUNT II

## UNFAIR METHODS OF COMPETITION UNDER PENNSYLVANIA LAW

91.    Plaintiff repeats and incorporates by reference the allegations in Paragraph 1 through 90 as if fully set forth herein.

92.    The aforesaid acts constitute unfair methods of competition and unfair competition in the form of reverse passing-off, false representation, false advertising and false designation of origin, all in direct violation of 73 P.S. § 201-2(4).

93.    Defendants' aforementioned acts have benefited them.

94.    By their actions, Defendants have irreparably injured Plaintiff.  Such irreparable injury will continue unless Defendants are (a) restrained from further comment with regard to THOMAS BLACKSHEAR'S EBONY VISIONS® trademarked sculptures, figurines, and giftware, and (b) preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

95.    As a result of Defendants' willful and malicious conduct which violates Pennsylvania's Unfair Trade Practices and Consumer Protection Law, Plaintiff is entitled to have all monetary damages it sustained trebled pursuant to 73 P.S. § 201-9.2.

## COUNT III

### TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1125

96.     Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 95 as if fully set forth herein.

97.     The complained of acts by Defendants constitute willful, deliberate and intentional infringement of Plaintiff's federally registered trademarks for THOMAS BLACKSHEAR'S EBONY VISIONS® in violation of §43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

## COUNT IV

### FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125

98.     Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 97 as if fully set forth herein.

99.     The complained of acts constitute willful, deliberate and intentional false and misleading descriptions of fact, false and misleading representations of fact, and false advertising in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

## COUNT V

### FALSE ADVERTISING

100.    Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 99 as if fully set forth herein.

101.    As a result of the false or misleading statements made by Defendants, a substantial portion of the relevant market has been deceived.

102.    Defendants' false or misleading statements are material and likely to influence the purchasing decisions of the relevant market.

103.    The goods in question travel via interstate commerce.

104.    There is a likelihood of injury to Plaintiff in terms of loss of good will and declining sales.

## COUNT VI

### UNFAIR COMPETITION

105.    Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 104 as if fully set forth herein.

106.    By committing the acts herein alleged, Defendants have unfairly appropriated Plaintiff's registered trademarks, reputation and goodwill and their actions in doing so constitute, among other things, unfair competition, infringement of a registered trademark, reverse passing-off, misrepresentation, purposeful confusion, deceptive advertising, and/or unfair trade practices, all in violation of the common law of the Commonwealth of Pennsylvania.

107.    Defendants' acts have been intentionally carried out with full knowledge of Plaintiff's trademark rights.

108.    Unless and until enjoined by this Court, Defendants' acts (complained of herein) will continue unabated, and will continue to cause irreparable injury, damage, and detriment to Plaintiff, for which Plaintiff has no adequate remedy at law.

109.    Exemplary or punitive damages are necessary by reason of Defendants' intentionally tortious conduct, and are necessary to deter future similar conduct.

## COUNT VII

### ACCOUNTING

110.    Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 109 as if fully set forth herein.

111. Defendants' activities, as alleged above, have violated Plaintiff's rights in the THOMAS BLACKSHEAR'S EBONY VISIONS® trademark under common law.

112. As a direct result of the infringing activities, Defendants have been unjustly enriched through fraudulent conversion of Plaintiff's goodwill and rights in its trademark into their own profits through sales from their on-line store, and have caused Plaintiff to lose direct sales of its goods and services.

113. As a direct result of Defendants' misconduct, they have received substantial profits, to which Plaintiff is entitled under common law.

114. The amount of said profits is unknown to Plaintiff and cannot be ascertained without an accounting.

## COUNT VIII

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

115. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 114 as if fully set forth herein.

116. Plaintiff has enjoyed existing contractual relationships and prospective contractual relationships with customers and retailers for the duration of its ownership of the THOMAS BLACKSHEAR'S EBONY VISIONS® trademark.

117. Defendants have purposefully intended to harm and/or prevent those relationships, and have taken actions in furtherance of that intent.

118. Defendants have no privilege or justification permitting or excusing them to act in the manner they did.

119. Plaintiff has suffered direct harm and actual damage as a result of Defendants' actions.

## COUNT IX

### CONSPIRACY TO TORTIOUSLY INTERFERE WITH BUSINESS RELATIONSHIPS

120. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 119 as if fully set forth herein.

121. The Defendants engaged in the unlawful and improper conduct described above, acted with a common purpose to do an unlawful and improper act, and/or to do a lawful act by unlawful means and/or for an unlawful and improper purpose.

122. The Defendants have committed numerous overt acts, as set forth above, in pursuing their common purpose.

123. The Defendants' actions were done with malice and with the intent of injuring Plaintiff.

124. As a direct result of the Defendants' conspiracy, Plaintiff has lost sales, potential sales, income, cash flow, and the goodwill of current customers and business contacts and associates.

125. The Defendants' actions were willful, wanton, and outrageous, justify the imposition of punitive damages.

## COUNT X

### TRADE LIBEL

126. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 125 as if fully set forth herein.

127. The Defendants engaged in the unlawful and improper conduct described above by making disparaging statements.

128. The disparaging statements made by Defendants were not true, and no privilege attaches to the statements made by Defendants.

129.   Plaintiff has suffered direct pecuniary losses as a result of the disparaging statements made by Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

a. That judgment be entered in favor of Plaintiff on all causes of action set forth herein.

b. That Defendants, their officers, directors, principals, agents, servants, affiliates, employees, attorneys, representatives, successors and assigns, and all those in privity or acting in concert or participation with Defendants, and each and all of them, be preliminarily and permanently enjoined and restricted from directly or indirectly:

(i) claiming, representing, or suggesting that any products manufactured and sold by Defendants under the THOMAS BLACKSHEAR'S EBONY VISIONS® trademark have not been approved by Thomas Blackshear and/or are not genuine and in compliance with Plaintiff's strict quality control standards; or that Plaintiff has authorized or licensed the use by Defendants of the Plaintiff Trademarks for those products;

(ii) using, in any manner, or holding themselves out as having rights to use, the THOMAS BLACKSHEAR'S EBONY VISIONS® trademark to designate, describe or refer to themselves or in conjunction with any product, including any use in conjunction with any Thomas Blackshear designs or activities conducted by Defendants or on their behalf, such as any use in their communications, domain name or in the text, graphics and hypertext metatags of any Internet website;

(iii) requesting or inducing Internet search engines to display links to the Defendants' website or other websites displaying or promoting Defendants'

products or services when potential customers using those search engines search for terms containing variations of the THOMAS BLACKSHEAR'S EBONY VISIONS® trademark;

(iv) selling, offering for sale, promoting, advertising, distributing or providing or offering to provide any goods or services in conjunction with the Plaintiff's trademark or any other name, mark or design confusingly similar to the THOMAS BLACKSHEAR'S EBONY VISIONS® trademark in conjunction with any product or service; and

(v) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Plaintiff's business reputation or dilute the Plaintiff's trademark or appropriate the good will and reputation of said mark or lead to the passing-off or reverse passing-off of Defendants' wares as more authentic or genuine products under the THOMAS BLACKSHEAR'S EBONY VISIONS® trademark.

c. That the Court issue an Order directing Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

d. That in accordance with Section 35 of the Lanham Act (15 U.S.C. §1117), Plaintiff be awarded monetary damages sufficient to recover:

(i) Defendants' improper profits;

(ii) all damage suffered by Plaintiff; and

(iii) the costs of this action.

e. That Plaintiff be awarded such other monetary damages, recovery and awards as appropriate under the law.

f. That the Court award judgment in favor of Plaintiff in the amount of treble damages.

g. That the Court award to Plaintiff punitive damages sufficient to deter Defendants from committing such willful acts of infringement in the future.

h. That the Court award to Plaintiff attorney's fees and costs due to the exceptional nature of this case, pursuant to 15 U.S.C. § 1117 and 73 P.S. § 201-9.2.

i. That the Court require a full and complete accounting of all monies received by Defendants as a result of their misconduct .

j. That the Court award such other and further relief as the Court may deem proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Lenox Corporation hereby demands a jury trial on all issues so triable.

Dated:  Philadelphia, Pennsylvania
      November 5, 2015

GIBBONS, P.C.
Scott J. Etish
Anthony P. Callaghan (*pro hac vice* motion to be filed)
1700 Two Logan Square
Philadelphia, PA  19103-2709
Tel: (215) 446-6261
Fax: (215) 446-6313

*Attorneys for Plaintiff Lenox Corporation*

## VERIFICATION

I, Dennis D. Wood, hereby certify to the Court as follows:

I am Vice President in charge of gift and specialty sales for Lenox Corporation, and am aware of the facts underlying this dispute, either by virtue of my direct knowledge of the events and circumstances recounted herein or through investigation and confirmation of the relevant facts, and communications with other Lenox personnel and the sales force that reports to me.

I have reviewed the within Complaint.  I hereby certify that all statements made herein are true based upon my own personal knowledge, except for those statements alleged upon information and belief, and as to those statements, I believe them to be true.

I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dennis D. Wood

Dated: November 5, 2015